PearsoN, J.
 

 The plaintiff has failed to prove his allegation that the defendant Thomas was authorised by the other defendant James to execute in his own name thé contract which the bill seeks to enforce. Consequently, in regard to the land called the “John Johnson part,” which was purchased originally by the defendant James, and with which the other defendant never had any connection or concern, the plaintiff’s equity is not established.
 

 In regard to the land called “ the William Johnson part,” although the defendant James entered into no direct obligation, it remains to be seen whether he has not made himself indirectly liable to the plaintiff’s equity.
 

 The defendant Thomas had bound himself 'to purchase the Johnson land, and to let the plaintiff have one-third part thereof, provided he paid one-third part of the price in three years — in the words of the deed — “but this is to be closed within the term of three yeais, or said Willis forfeits his interests.” Afterwards, the defendant Thomas makes a contract with William Johnson for his part of the land at the price of $2,500, and takes William Johnson’s bond to make him a title upon the payment of the purchase money. In a year or two afterwards this contract is resciñded by the parties, because, as the defendant Thomas Forney says, he found, after fair trial, the land was not worth working as a
 
 gold
 
 mine, he had no wish to rent it as a farm, and he was not able to pay for it. After the contract was rescinded, and the notes of the defendant Thomas for the purchase money and the bond of William Johnson for title had been cancelled, and
 
 after the expiration of three years
 
 from the date of the obligation of the defendant Thomas to the plaintiff, the defendant James Forney bought the “William Johnson part of the land” from the said William, at a full price, but with notice that the plaintiff insisted
 
 *260
 
 upon his equity growing out of an old
 
 “
 
 raining lease ” that he held on the land, and the obligation of the defendant Thomas, under which he was entitled to the benefit of one-third of the purchase.
 

 The plaintiff insists by force of this obligation, if the defendant Thomas had completed his purchase, he would have held one-third of the land in trust for him. ' He then infers, that as soon as the defendant Thomas made the contract, an. equity arose in his favor which
 
 attached to the
 
 land, put it out of the power of the defendants Thomas and William Johnson to rescind the contract without his consent, and gave him an equity to follow the land in the hands'of William Johnson or of any person to whom he might have conveyed, with notice of the plaintiff’s claim. In reply to the objection that the defendant James did not purchase the land until after the plaintiff’s right as against the defendant Thomas had been lost by the expiration of three years, (the time agreed on,) the plaintiff relies on the maxim,
 
 “in
 
 equity, time is not of the essence of contract.”
 

 In equity, one whq makes a contract with the
 
 owner of land
 
 for the purchase thereof, is considered the owner of the equitable estate, and the vendor holds the legal estate only to secure the payment of the purchase money, subject to which he is a mere trustee for his vendee. The case made by the plaintiff does not come within the operation of this principle of equity ; for the plaintiff made no contract with the
 
 oiuner of the land
 
 — there was no privity between them. The plaintiff incurred no sort of liability to William Johnson, and consequently had no ground to insist that Johnson became a trustee for him, and acted against conscience in rescinding the contractwhich he had made with the defendant Thomas, when he found he could not pay the purchase money.
 

 Whether the plaintiff has cause of complaint against the defendant Thomas for rescinding the contract will be inquired of below, but it would be a curious result of the application (or rather misapplication) of the principles of equity, if William Johnson, by reason of a contract made with Thomas Forney,
 
 in which the plaintiff was not known and by tohich he incurred no liability.,
 
 .had placed himself in the predicament of not being able
 
 *261
 
 to rescind the contract and take back his land, and either keep it it himself or sell it to some one else, clear of incumbrance.
 

 We are also of opinion that the case made by the plaintiff does not come within'the application of the principle that “in equity, time is not of the essence of a contract,” the aid of which he is compelled to invoke in order to make out his supposed equity against the defendant James, who did not purchase the “ William Johnson part ’ ’ until after the expiration of
 
 three years
 
 from the date of the obligation entered into by the defendant Thomas. If a creditor has his debt secured by a parol.bond or by a mortgage, or if a vendor retains the legal title to secure the purchase money, it is considered in equity that time is immaterial, and the parties are supposed to be willing to let the debt stand upon the security unless judgment is taken on the bond, the mortgage is foreclosed or a specific performance is required. But the principle does'not apply to a case where A., being about to purchase land, agrees to let B. have one-third of it, provided he will aid in raising, the funds to pay the purchase money. In such a case, if the time in which the aid is to be rendered be expressly agreed on, and the party neglects to advance his portion of the purchase money, and thereby puts the burthen of raising
 
 all the funds
 
 upon the other, he cannot, in conscience, insist upon a right to stand off until the struggle is over, and at any time
 
 when he sees proper,
 
 come forward and claim a share. Time is, in such cases, of the essence of the contract, and assistance in raising the purchase money is presumed to have been a principal inducement for allowing a participation in the bargain.
 

 The testimony of Mr. McKesson in reference to his offer to pay the defendant James the amount due from the plaintiff has no bearing, for it was made before the defendant James had purchased the “ William Johnson part,” and in regard to the
 
 “
 
 John Johnson part ” we have seen the plaintiff.has established no equity.
 

 In regard to the defendant Thomas, his obligation to the plaintiff was merely personal, and did not attach to the land, because, by rescinding the contract with William Johnson, he never-acquired
 
 a fund
 
 which the plaintiff can follow in this Court: his relief, therefore, sounds in damages, and if he has a right to recover damages because the defendant Thomas rescinded the con
 
 *262
 
 tract with William Johnson, without the consent of the plaintiff, the remedy is by an action at law. There is no ingredient of equity involved in it.
 

 The bill must be dismissed, but without costs as to the defendant Thomas Forney.
 

 Per Curiam, Bill dismissed accordingly.